# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KENNETH H. SWIPIES, | |
| Plaintiff, | No. C07-4040-MWB |
| vs. | **ORDER** |
| GARY ADKINS, MAYOR; and CITY OF OTO, | |
| Defendants. | |

On May 17, 2007, the court denied the plaintiff's motion to proceed *in forma pauperis* in this case, directing the plaintiff to pay the filing fee by June 1, 2007. (Doc. No. 2) On May 29, 2007, the plaintiff filed a motion for reconsideration. (Doc. No. 3) The same day, the court issued an order reserving its ruling on the motion for reconsideration, and directing the plaintiff to file certain documents from his state court action involving the same parties. (Doc. No. 4) On June 11, 2007, the plaintiff supplemented his motion as required by the court's May 29th order. (Doc. No. 5)

The court has reviewed the motion to reconsider and the supplement, and is not persuaded to change its ruling denying the plaintiff's application to proceed *in forma pauperis*. The motion to reconsider (Doc. No. 3) is **denied**. If the plaintiff wishes to pursue this matter, he must pay the $350.00 filing fee **by July 2, 2007**.

The undersigned further notes that after reviewing the documents from the plaintiff's state court action, it appears the plaintiff's claims in the present action would be barred by the doctrine of *res judicata*. Despite the plaintiff's argument that the present action involves different claims, *res judicata* also precludes a party from raising an issue that *could have been* raised in a prior action involving the same parties. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d

103 (1981). The plaintiff's state court action involved the same parties, and arose from the same set of facts as the action he seeks to bring in this court. The state court noted the plaintiff "made a passing reference to a constitutional violation" by the defendants, and although the plaintiff failed, in that action, to cite any specific constitutional provision, the state court analyzed the plaintiff's claim on Due Process and Equal Protection grounds. The state court found the plaintiff had failed to carry his burden to show a constitutional violation. (*See* Doc. No. 5, p. 10) The plaintiff could have raised each of the arguments he attempts to assert here in the state court action involving the same parties. As such, the claims set forth in his proposed Complaint would be barred.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT